[No. 18202. Department Two. December 7, 1923.]

JOSEPH FOLCO, *Appellant,* v. OLE T. SORENSON,
*Respondent.*[1]

MECHANICS' LIENS (82)—ENFORCEMENT—SET-OFF. It is not error
to offset, against a mechanics' lien, $277.12 for breach of his contract
in failing to level the house, where there was evidence that it would
cost $400 to level it.

PAYMENT (28)—EVIDENCE—SUFFICIENCY. The burden of proving
payment is not sustained by the unsupported testimony of a party,
in contradiction of that of his adversary.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered March 14, 1923, upon
findings in favor of the defendant, in an action to quiet
title, tried to the court. Affirmed.

*S. F. McAnally,* for appellant.

PEMBERTON, J.—In the month of September, 1922,
respondent entered into a written agreement with ap-
pellant as follows:

"Contract
"between Joe Folco of Tacoma, Washington
and
"O. T. Sorenson of Tacoma, Washington
"WITNESSETH:—That for a consideration of $475.00
the said O. T. Sorenson agrees to furnish all the labor
required to raise the house of the said Joe Folco one
foot, and move the same house six feet to the rear.
Also to do all labor in connection with a concrete base-
ment and floor, and to furnish all brick masons, lathers,
plasterers and carpenters to complete the said house
according to certain plans and specifications prepared
therefor, to the entire satisfaction of said Joe Folco.
This contract does not include electric wiring nor
plumbing. The said Joe Folco agrees to furnish these
in sufficient time not to delay the contractor. The said

[1]Reported in 220 Pac. 821.

Joe Folco also agrees to furnish all the materials required for the completion of said house.''

A number of changes were made in the plans and specifications requiring additional labor.

On January 25, 1923, respondent filed a claim of lien against the property for the sum of $377.12, the balance due for his services. Soon thereafter appellant instituted this action to remove the cloud from his title created by the filing of the lien claim. Respondent, in his answer and cross-complaint, asked for the foreclosure of his lien claim.

It is claimed by appellant that respondent failed to complete his contract and through his carelessness and negligence the house is unlevel.

The trial court found that the respondent was entitled to $402.12 for the extra work required. This added to the contract price, there was due the sum of $877.12, upon which appellant had paid $490.60, leaving a balance of $377.12 due respondent. The court found, however, that respondent had failed to perform his contract in not leveling the building and stated:

''It is true that there is no sufficient measure of damages. It must to a large extent be guessed at, but as near as I can come to what I think is just, I will allow the cross-complainant $100 on his lien and that is all I will allow.''

Findings of fact, conclusions of law and judgment were entered in favor of the respondent, from which judgment this appeal is taken.

Appellant insists that the court erred in allowing but $277.12 for the failure of respondent to level the building. One witness testified as follows: ''What would be the reasonable cost of raising that building, making it perfectly level, that is within a quarter of an inch, we will say, and do the work which would be incidental in making the house complete?'' The answer

was "$400.00." This question includes other conditions than merely the leveling of the building. Just what would be included in making the house complete was not stated.

It is next contended by appellant that the testimony shows that appellant had paid $594 to respondent, while the court found the payment to be but $500.50. The respondent testified as follows:

"Did Mr. Folco make some payments? A. Yes. Q. Have you the list of payments? A. Yes. Q. You may state how much that is. A. Altogether he paid me four hundred ninety dollars and sixty cents. Q. That leaves how much due you on the contract for your services? A. Three hundred seventy-seven dollars and twelve cents. Q. (The Court) Has any part of that ever been paid? A. No, sir. Q. (The Court) Is that the part you filed the lien for? A. Yes, sir. Q. State whether or not you presented a statement of the full account to Mr. Folco about this time. A. Yes, sir, a statement was presented to Mr. Folco on the second of January, 1922."

This list is not in the record and there was no cross-examination as to the different payments that were made. Appellant testified as follows:

"Q. How much do you say it all was that you paid him direct? A. Two hundred and seventy-five dollars. Q. How much did you pay out on his order and to whom? A. He gave an order to nobody, but I can tell you about any particular party, if you ask."

Appellant then proceeds to state the various amounts paid out to a number of different persons.

"Q. How much was it you testified you paid out because of the contract? A. I do not know the amount now. I had the bill here that day. Q. Well, you ought to be able to tell. A. Five hundred and fifty-eight dollars and thirty-six dollars to Berg besides."

We have the testimony of the respondent and the testimony of appellant unsupported by competent

books of entry, receipts or return checks, except the check of $36 payable to Berg. The court having found in favor of respondent for the extra work performed, the burden of proving payment was upon appellant, and he did not sustain this burden by his own unsupported testimony in contradiction of that of respondent. There was a sharp conflict in the testimony as to whether certain work was within the contract or should be allowed as extras. After reviewing the testimony we are satisfied that the findings of the trial court should not be disturbed.

The judgment will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.